931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Michael M. ROBY, Plaintiff-Appellant,
v.
Mr. James G. STRIEBY and Mr. Jenkins, Defendants-Appellees.
 No. 90-3270.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Michael Matthew Roby, an inmate at Lansing Correctional Facility who was administratively segregated and then transferred to Larned State Security Hospital after he began exhibiting psychotic behavior, files this appeal from the district court's grant of summary judgment dismissing his petition, presumably filed pursuant to 42 U.S.C. Sec. 1983. Roby, however, makes no allegations on appeal. His pro se appellate "brief", filed on forms provided by the court, amounts to a failure to file any brief at all. Under section one of the form, entitled "Statement of the Case", Roby has written "Supra. Other 2 case. No." Other sections are completed with "Supra: 1".
 
 
 3
 Because no issues have been raised and no argument on the law and facts has been made, we can only assume that Roby is merely disputing in general the district court's disposition of his petition. We disagree, and adopt the substance of the court's order, a copy of which is attached hereto. We deny Roby's motion to proceed in forma pauperis and dismiss his appeal as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989); Coppedge v. United States, 369 U.S. 438 (1962). The mandate shall issue forthwith.
 
 ATTACHMENT
 
 4
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
 
 
 5
 MICHAEL MATTHEW ROBY, Plaintiff,
 
 
 6
 v.
 
 
 7
 JAMES G. STRIEBY, et al., Defendants.
 
 Case No. 87-3269-S
 
 8
 Aug. 14, 1990.
 
 ORDER
 
 9
 This matter is before the court on defendants' motion for summary judgement. Plaintiff filed a complaint under 42 U.S.C. Sec. 1983, in which he claimed the conditions of his confinement violated his constitutional rights.
 
 
 10
 Plaintiff, an inmate at Lansing Correctional Facility, was administratively segregated and then transferred to Larned State Security Hospital because he was exhibiting psychotic behavior. Plaintiff alleges that during his incarceration in segregation he was deprived of his due process rights under the Fourteenth Amendment and was denied access to the courts. Plaintiff specifically alleges that defendants denied him use of the law library, copy machine, chow hall, main protective custody yard, mailbox and telephone, and denied him access to a newspaper. Plaintiff demands judgment of $1,500 each against Lansing Correctional Facility and Larned State Security Hospital, and an unspecified claim of $55,000,000 if he dies in the Lansing Correctional Facility.
 
 
 11
 On August 21, 1987, defendant Robert Jenkins found plaintiff was exhibiting psychotic symptoms and determined there was a real possibility plaintiff might be a danger to himself or others. Plaintiff was administratively segregated pending his transfer to Larned State Security Hospital for further evaluation and treatment. During his administrative segregation, plaintiff no longer was given access to the mess hall and library, and was not allowed to leave his cell without restraints. Defendant James Strieby, corrections counselor, handled plaintiff's requests for library material and notary services while plaintiff was in segregation.
 
 
 12
 Plaintiff requested and received a formal hearing regarding his segregation and transfer. The hearing was held on August 26, 1987, and continued on September 10, 1987, for plaintiff to be represented by counsel. A psychiatrist examined plaintiff and concurred with the recommendation to transfer plaintiff for hospital care. Plaintiff was transferred to Larned State Hospital on September 22, 1987, and has since been returned to Lansing Correctional Facility.
 
 
 13
 After reviewing the record, the court finds the defendants are entitled to summary judgment. Plaintiff's complaint appears to be based solely on his segregated confinement at Lansing Correctional Facility because he did not name any defendants responsible for his care while at Larned State Security Hospital. Although plaintiff did not designate whether the defendants are named in their official or individual capacity, plaintiff's allegations indicate his cause of action is based on the defendants' actions within their duties as state officials. Plaintiff's assertions, even if true, fail to demonstrate any personal participation on the part of either of the named defendants. Defendants, as state officials acting in their official capacity, are protected from suit by the Eleventh Amendment. Kite v. Kelley, 546 F.2d 334, 337-38 (10th Cir.1976); Medcalf v. State of Kansas, 626 F.Supp. 1179, 1183-84 (D.Kan.1986). They are not subject to an action for damages brought under 42 U.S.C. Sec. 1983 because they are not "persons" within the meaning of that statute. Will v. Mich. Dept. of State Police, --- U.S. ----, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
 
 
 14
 Moreover, plaintiff's claims do not demonstrate he was deprived of any constitutional rights or due process guarantees. He challenged the segregation at a formal hearing and had the assistance of counsel. The restrictions imposed during segregation were reasonable considering plaintiff's psychotic behavior at the time and the potential for harm to himself or others. Prison regulations impinging on an inmate's constitutional rights are valid if reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).
 
 
 15
 IT IS THEREFORE ORDERED that defendants' motion for summary judgment is hereby granted. The clerk of the court is directed t transmit a copy of this order to plaintiff and defendants' attorney.
 
 
 16
 /s/DALE E. SAFFELS
 
 United States District Judge
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3